IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRENT STEVEN SHERMAN, SR.,

           Plaintiff,

   vs.

KATHRYN ELAINE KUSCH, *ET. AL.*,

           Defendants.

Case No. 1:20-CV-00787-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Now before the Court is plaintiff Brent Steven Sherman, Sr.'s Motion for Default Judgment filed pursuant to Federal Rules of Civil Procedure ("FRCP") 55(b). Doc. 9. Specifically, plaintiff seeks a declaratory judgment declaring him the sole owner of 5th Parallel Properties, LLC, Rockhorse Park LLC, and the piece of real property located at 74543 Highway 31, Fort Rock, Oregon, 97735. Plaintiff further requests that this Court order defendants to immediately vacate the real property, remove all their personal property, cease all actions against Plaintiff for recovery of the real property, and pay all costs and reasonable attorney fees associated with this

Page 1 – OPINION AND ORDER

action.  Doc. 1 at 6-7.    For the following reasons, plaintiff's Motion for Default
Judgment is DENIED and the Complaint is DISMISSED with leave to amend.

## PROCEDURAL HISTORY

At the center of this interpleader action is a piece of real property located at
75543 OR-31, Fort Rock, Oregon, 97335 (herein referred to as "the Horse Ranch").
Doc. 8 at 8.  The late Patricia Duff acquired the property in 2012 for $300,000 and
had the property deeded directly to her company, 5th Parallel Properties, LLC.  Doc.
8 at 8.  At the time, Ms. Duff was the sole member and owner of the company.  Doc.
8 at 8.  On February 23, 2019, Ms. Duff allegedly assigned 100% of her business and
its property, including the Horse Ranch, to plaintiff.  Doc. 8 at 8.  No consideration
was paid in connection with this conveyance.  Doc. 8 at 8.  Three days later, Ms. Duff
passed away.  Doc. 1 at 6.

On August 28, 2019, plaintiff attempted to donate the Horse Ranch to the state
of Oregon, but the Oregon Department of Justice rejected the conveyance, citing a
lack of agency approval.[1]  Doc. 1-1 at 5-6.  Plaintiff subsequently attempted to
intervene in the probate proceedings in Lake County Circuit Court (Lake County
Probate Case No. 19PB02855), having filed a motion to intervene, a motion for
summary judgment, a petition for declaratory relief, and various other motions.  Doc.
1-1 at 13-14.  The Lake County Circuit Court denied each of these motions, reasoning
in part that the matters addressed in the Petition for Declaratory Relief should be

---

[1]     The Court infers that the requisite agency approval was withheld over
concerns regarding the validity of the February 2019 conveyance.

addressed in a separate civil proceeding.  Doc. 1-1 at 13-14.  The court also ordered plaintiff to stop filing further motions "except to file a claim pursuant to ORS Chapter 115."[2]  Doc. 1-1 at 13-14.

Plaintiff then filed the present interpleader action under FRCP 22, claiming federal question jurisdiction exists under 18 U.S.C. § 242, 28 U.S.C. § 2201, 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the U.S. Constitution, and FRCP 57.  Doc. 1 at 3.  The action has been filed against Kathryn Kusch who worked with the late Ms. Duff on the property and seemingly continues to reside there and Warren Duff who allegedly represented the estate of Ms. Duff.  To date, neither of the named defendants have appeared.  Plaintiff has since moved for Default Judgment under FRCP 55(b).  Doc. 9.

## LEGAL STANDARD

FRCP 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed R. Civ. P. 55(a).  FRCP 55(b), meanwhile, authorizes the court to grant default judgment after a default has been entered under 55(a).  Fed R. Civ. P. 55(b).  Where the plaintiff's claim is not for a certain sum or a sum that can be made certain by computation, the court may conduct hearings to effectuate a judgment as needed to conduct an accounting, ascertain damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2)(A-D).

---

[2]     ORS Chapter 115 governs claims, actions, and suits made against estates.

Upon the clerk's entry of default, the well-pleaded factual allegations of the complaint are to be accepted as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. Proc. 8(b)(6). However, the court must still consider "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2688, at 63 (1998); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

A district court has considerable discretion in deciding whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider a variety of factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The federal Declaratory Judgment Act permits courts to provide declaratory relief to any interested party "seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The two criteria supporting entry of

declaratory judgment occur where: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *McGraw-Edison Co. v. Preformed Line Prods. Co.,* 362 F.2d 339, 342 (9th Cir. 1966). When neither of these results can be achieved, the court should decline to render the requested declaration. *Id.* Courts are similarly discouraged from providing declaratory relief when such relief would interfere with "the orderly and comprehensive disposition of state court litigation." *Brillhart v. Excess Insurance Co. of America*, 416 U.S. 491, 495 (1942); *see also Continental Cas. Co. v. Robsac Indus.,* 947 F.2d 1367, 1374 (9th Cir. 1991) ("[c]ourts should generally decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court").

## DISCUSSION

The central issue with plaintiff's Complaint relates to this Court's jurisdiction. There are two ways by which a plaintiff may file an interpleader action in federal court: first, there is "rule interpleader" under Rule 22, and second, there is "statutory interpleader" under 28 U.S.C. § 1335. 4 Moore's Federal Practice – Civil § 22.04 (2020). The most important distinction between statutory and rule interpleader involves the jurisdictional requirements. For an interpleader action filed under Rule 22, subject matter jurisdiction must be based on Article III of the U.S. Constitution, either through a federal question or complete diversity of citizenship. *Id.* In contrast, statutory interpleader under § 1335 explicitly requires diversity of citizenship to form

the basis for federal jurisdiction. *Id.* Notably, it has been held that only minimal diversity is needed to fulfill the jurisdictional requirement set forth in § 1335. *Id.* (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)).

Plaintiff has filed this interpleader action under Fed. R. Civ. P. 22, arguing that federal question jurisdiction exists under 18 U.S.C. § 242, 28 U.S.C. § 2201, 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the U.S. Constitution, and Fed. R. Civ. P. 57. None of these statutes, Constitutional provisions, or rules provide plaintiff with a private cause of action through which he can obtain relief: 18 U.S.C. § 242 is a criminal statute and is therefore inapplicable to the case at hand; 28 U.S.C. § 2201 grants courts the authority to provide declaratory relief, but does not purport to provide a private civil cause of action;[3] Section 1983 claims require that a defendant was acting "under color of state law" at the time the acts complained of were committed, and here there is no indication that either of the defendants were acting under color of state law; Constitutional provisions guarantee individual rights but do not provide independent bases for civil actions; lastly, Rule 57 is a procedural rule and does not confer a private cause of action. Not only has plaintiff failed to state a claim upon which relief can be granted as required, but plaintiff has failed to establish the subject matter jurisdiction needed to proceed under Rule 22.

---

[3]     *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (explaining that "the Declaratory Judgment Act, 28 U.S.C. § 2201, confers no jurisdiction but is a procedural device designed to provide a new remedy to the federal court arsenal") (internal citation omitted).

This outcome is not surprising: as a result of the well-pleaded complaint rule, "few interpleader complaints have been found to qualify for federal question jurisdiction." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1383 (9th Cir. 1988) (internal citation omitted).  And as a general rule, real property disputes are governed by state law.  *Cortese v. United States*, 782 F.2d 845, 849 (9th Cir. 1986).  Indeed, it appears that plaintiff was explicitly encouraged in an order by Lake County Circuit Court Judge Robert Nichols Jr. to file his civil claim under Oregon Revised Statute ("ORS") Chapter 115.[4]  Doc. 11 at 3.

Since federal question jurisdiction has not been established, FRCP 12(h)(3) requires the Court to dismiss this action. FED. R. CIV. P. 12(b)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  This is not to say, however, that plaintiff's interpleader action is necessarily barred from being heard in federal court.  There is the possibility that plaintiff could pursue this interpleader action under 28 U.S.C. § 1335 using diversity of citizenship as a basis for subject matter jurisdiction, particularly since minimal diversity of citizenship is permitted under § 1335.[5]  Even if minimal diversity were established, however, plaintiff still needs to show that he is entitled to relief under some substantive statute or doctrine.  *See* FED. R. CIV. P. 8(a)(2)

---

[4]    In reviewing the ORS, Section 105.605 seems most applicable to plaintiff's desire to quiet the title to the Horse Ranch property.

[5]    It is unclear to the Court whether minimal diversity exists: plaintiff and defendant Kusch are both Oregon residents, but defendant Duff's residence is unclear.  A letter from Duff's attorney indicates that Mr. Duff currently resides "out of the area" but does not indicate exactly where.  Doc. 10 at 9.  Plaintiff states that Duff is a citizen of Kentucky in his complaint but provides no current address.

(requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Regarding plaintiff's Motion for Default Judgment, the Court finds that the second and third *Etiel* factors weigh strongly against granting a default judgment. Since plaintiff has not identified a claim through which he is entitled to relief, the Court cannot find that the merits of plaintiff's substantive claim weigh in favor of granting a default judgment. The Complaint's failure to identify a cognizable claim for relief represents an insufficiency that further persuades the Court that a default judgment would be inappropriate.

## CONCLUSION

For the above-mentioned reasons, plaintiff's Motion for Default Judgment is DENIED and the action is DISMISSED for lack of subject matter jurisdiction. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint addressing the issues raised in this opinion. The Clerk shall also mail copies of this order to attorneys Matt Parks (OSB #000895) and Claude Ingram (OSB #610410) who allegedly represented defendants in the previous state court litigation.

IT IS SO ORDERED.

Dated this <u>10th</u> day of August, 2020.


_____ /s/Ann Aiken _____

Ann Aiken
United States District Judge