IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRENT STEVEN SHERMAN, SR.,

    Plaintiff,

vs.

KATHRYN ELAINE KUSCH, *et. al.*,

    Defendants.

Case No. 1:20-CV-00787-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Now before the Court is defendants Warren and Allison Duff's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Doc. 26. For the reasons set for the below, the motion is GRANTED.

    In this interpleader action plaintiff Brent Steven Sherman seeks a declaratory judgment declaring him the sole owner of 5th Parallel Properties, LLC, Rockhorse Park LLC, and the piece of real property located at 74543 Highway 31, Fort Rock, Oregon, 97735. The Court previously denied plaintiff's Motion for Default Judgment

Page 1 – OPINION AND ORDER

filed pursuant to Fed. R. Civ. P. 55(b) over subject matter jurisdiction concerns.[1] Doc. 12. Following that order, plaintiff promptly filed an amended complaint seeking the same relief as his first complaint under 28 U.S.C. § 1335. Doc. 13. Plaintiff then filed a second motion for Default Judgment after defendants failed to file timely responses to his amended complaint. Doc. 21. While that motion was under consideration,[2] the Duff defendants filed the present motion to dismiss. Doc. 26. Plaintiff objects to the motion as untimely.

## LEGAL STANDARD

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is presumed that a district court lacks jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The court will grant a defendant's 12(b)(1) motion if the complaint fails to allege fact sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When

---

[1] Given that Court already detailed the factual history of this case in its previous opinion deny the first motion for default judgment, this order focuses only on the facts relevant to the present motion.

[2] When considering a motion for default judgment the Court must still determine "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2688, at 63 (1998); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999).

## DISCUSSION

Initially, the Court notes that plaintiff has moved to strike the Duff defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(f). Doc. 28. The Court exercises its discretion and denies plaintiff's motion to strike as the defense raised by the Duff defendants is well taken.[3] Importantly, it is firmly established that an objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, *at any time*. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff has alleged jurisdiction in this matter pursuant to the federal interpleader statute. 28 U.S.C. § 1335. However, that statute requires that such an action must contain "two or more adverse claimants, of diverse citizens as defined in [§§] (a) or (d) of [§] 1332 of this title." 28 U.S.C. § 1335(a)(1). Most relevant here is requirement that a diversity action must be between "citizens of a different state." 28 U.S.C. § 1332(a)(1). Plaintiff and defendant Kathryn Kusch are citizens of the State of Oregon. Thus, diversity jurisdiction rests on the Duff defendants who are residents of the State of Kentucky. However, the Duff defendants are being sued in

---

[3] Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

their capacities as personal representatives in the Matter of the Probate Estate of Patricia Gladwyne Duff 19PB02855.[4] Section 1332 clearly provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." § 1332(c)(2).

The Duff defendants have submitted evidence, and it is undisputed by plaintiff, that the decedent, Patricia Duff, was a citizen of the State Oregon, owning the real property in question, at the time of her death. Thus, for the purposes of determining whether diversity jurisdiction exists, the Duff defendants must be deemed Oregon residents.

## CONCLUSION

The Court finds that no diversity exists between any of the parties in this action. Accordingly, this Court lacks subject matter jurisdiction in this case, and defendants' motion to dismiss is GRANTED. Further, plaintiff's motion to strike is DENIED. While the Court recognizes the lenity afforded to pro se plaintiffs, because further amendment would be futile to establish jurisdiction, the Court orders that this case be dismissed, with prejudice. All other pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 22nd day of December, 2020.

/s/Ann Aiken

Ann Aiken
United States District Judge

---

[4] Mr. Duff is the brother of the decedent.

Page 4 – OPINION AND ORDER